# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:00CR221-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ARTIS LA MONTE CLAY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on receipt of a Report dated February 17, 2010 from the Federal Correctional Institution in Butner, North Carolina regarding Defendant's competence to proceed. On September 30, 2009, Defendant appeared for a supervised release revocation hearing before the Honorable Martin Reidinger. At that hearing, Judge Reidinger orally ordered an evaluation of Defendant. The evaluation did not occur and therefore Judge Reidinger ordered the Defendant's evaluation sua sponte on November 3, 2009. A copy of the report by Dawn Graney, Psy. D., as to Defendant's current mental status has been submitted to the Court pursuant to 18 U.S.C. §4247(c) (the "Report"). The Court conducted a hearing on March 15, 2010 following receipt of the Report.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant is competent to proceed pursuant to 18 U.S.C. § 4241 as discussed below.

Defendant was interviewed on several occasions between December 22, 2009 and February 4, 2010 for a total of approximately five (5) hours. Psychological testing included administration of the Validity Indicator Profile (VIP), Kaufman Brief Intelligence Test-Second Edition (KBIT-2), Test of Memory Malingering (TOMM), Rey 15 Item Test, The Booklet Category Test (BCT), Structured Inventory of Malingered Symptomatology (SIMS), Competency Assessment Instrument (CAI) and Forced Choice Competency Test.

Medical records confirm that Defendant suffered a stroke in late August 2009. As a result,

Defendant has demonstrated right-side weakness, speech difficulties (i.e., stuttering), and expressive and receptive aphasia (i.e., impaired ability to produce speech and comprehend speech). Report p. 10-11. Based on her evaluation, Dr. Graney opined that "given that Mr. Clay continues to have some physical limitations as a result of his stroke, it is not unlikely that he has some remaining cognitive deficits as well. However, the true extent of these deficits is difficult to determine given the defendant's unwillingness to fully cooperate with evaluation procedures. For example, results of five out of the six psychological tests administered suggested that Mr. Clay was either exaggerating/feigning symptoms, or he failed to put forth his best effort." Report p. 12. Additionally, Dr. Graney stated that "[w]hile the defendant minimized his understanding of his current legal situation, one can argue that his attempt to exaggerate or feign cognitive impairment and suppress his understanding of court-related matters suggests recognition of possible consequences he may be facing. Such behavior can also be seen as a possible defense strategy." Report p. 15. With regard to Defendant's competency to stand trial, Dr. Graney concluded that "while Mr. Clay may be suffering from a mental disease or defect, it does not appear severe in nature, nor does it preclude him from being able to understand the nature and consequences of the proceedings against him, and to assist properly in his defense." Id.

At the hearing held on March 15, 2010, Defendant was called as a witness by his counsel. Based on the Court's observations, while Defendant exhibits symptoms from his stroke, he comprehended the oath. His testimony showed a clear understanding that he was on court supervision, who his probation officer was, and what the probation officer's duties were. During defense counsel's questioning of Defendant regarding the alleged violations of his supervised release, Defendant not only understood all but one of the violations but was able to articulate a defense to the violations. One of the violations alleges a conviction under a city code provision governing adult businesses. Defendant denied the violation by testifying that his only involvement

was "cleaning the club." He disputed the alleged violation concerning his employment by stating that he had a job, but "the job moved" to another location. Defendant also disputed the allegation of positive drug screens by saying that the probation officer had told him that he was "clean." Another violation charged Defendant with failing to call the probation officer to update his employment status. He testified that he "called [the probation officer] more than he called me." Additionally, Defendant testified that he had met with his attorney about these violations at the jail. Defendant's testimony at this hearing establishes that he comprehends the charges and can assist in his defense.

Pursuant to 18 U.S.C. § 4241(a), in order for the Court to determine that Defendant is not competent to stand trial, the court must find "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Based upon this statute, the February 17, 2010 Report by Dr. Graney and Defendant's testimony at the March 15 hearing, this Court finds that Defendant is competent to proceed.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Martin Reidinger.</u>

**SO ORDERED**.

Signed: March 15, 2010

David S. Cayer
United States Magistrate Judge