# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:00CR221-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ARTIS LA MONTE CLAY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Honorable Martin Reidinger's Order dated March 16, 2010 which referred this case to the undersigned for the purpose of conducting a bond review hearing. The Court conducted the hearing on March 22, 2010.

Defendant is currently charged with a supervised release violation. Defendant was ordered detained by this Court on August 3, 2009. However, in late August 2009 before sentencing occurred, Defendant suffered a stroke which left him significantly impaired. On September 30, 2009, Defendant appeared for a supervised release revocation hearing before Judge Reidinger. At that hearing, Judge Reidinger orally ordered an evaluation of Defendant. The evaluation did not occur and therefore Judge Reidinger ordered the Defendant's evaluation sua sponte on November 3, 2009. The undersigned conducted a hearing on March 15, 2010 following receipt of a report by Dawn Graney, Psy. D., as to Defendant's current mental status pursuant to 18 U.S.C. §4247(c). At that hearing, the undersigned concluded that Defendant was competent to proceed pursuant to 18 U.S.C. § 4241. On March 16, 2010, Judge Reidinger ordered the undersigned to conduct a bond review hearing.

At the hearing, defense counsel and counsel for the Government agreed that the guideline range for Defendant's supervised release violation was six (6) to nine (9) months incarceration and that Defendant has currently served eight (8) months in various detention facilities. Additionally, the Government represented to the Court that they will be asking for time served at Defendant's

supervised release revocation hearing which is scheduled for April 9, 2010 before Judge Reidinger.

Defense counsel represented to the Court that Defendant's sister is willing to help Defendant and pick him up from the jail if he is released by the Court. Defendant represented to the Court that he has owned his own home for more than ten years and will reside at his home if released.

Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure states, "[t]he magistrate judge may release or detain the person under 18 U.S.C. §3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). Therefore, the burden rests with Defendant to prove that he will not flee, pose a danger to any other person or to the community in order for the Court to consider conditions of release.

The Court finds that Defendant has established that he is not a significant flight risk and that he does not pose a significant danger to any other person or to the community. Therefore, the Court has entered a separate release order releasing Defendant on an unsecured $25,000 bond with conditions including home detention.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Martin Reidinger.</u>

**SO ORDERED**.

Signed: March 22, 2010

David S. Cayer
United States Magistrate Judge